UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK LONGLEY,<br>Plaintiff | CIVIL ACTION NO.<br>04-12548 (MLW) |
| V. | |
| BUCHANAN MARINE LP,<br>Defendant | JANUARY 7, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Buchanan Marine, LP (hereinafter "Buchanan Marine"), hereby submits a Memorandum of Law in support of this Motion to Dismiss for Insufficient Service of Process, Lack of Personal Jurisdiction and Improper Venue.

### I. INTRODUCTION:

Plaintiff, Patrick Longley, of Swansea, Massachusetts, commenced a Complaint, dated December 6, 2004, against defendant, Buchanan Marine, a Delaware limited partnership doing business in New York. According to the Complaint, Mr. Longley's claim arises from an incident which occurred on July 25, 2004 during the course of his employment for Buchanan Marine, LP, in the service of a barge known as the *B 18* and tugboat *Dory Barker* in the navigable waters of New York.

Mr. Longley has asserted causes of action for: negligence under the Jones Act, 46 U.S.C. 688, *et. seq.* (Count One); general maritime law unseaworthiness (Count Two); general maritime law maintenance and cure (Count Three); and intentional/ negligent failure to provide maintenance and cure (Count Four). Plaintiff served the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Complaint on December 21, 2004. Defendant now moves to dismiss for insufficient service of process, lack of personal jurisdiction and *forum non conveniens.*

## II.   FACTUAL BACKGROUND

As set forth in the Affidavit of Jules Lloyd attached as Exhibit A:

1. Buchanan Marine LP is a limited partnership organized under the laws of the State of Delaware. The corporate office is located in New Haven, Connecticut and its principal place of business is in New York.

2. Buchanan Marine did not transact, solicit or engage in any business within the Commonwealth of Massachusetts in 2004, including on the date of the alleged incident, July 25, 2004.

3. The tug, *Dory Barker*, was not owned by Buchanan Marine on July 25, 2004. The *B 18* barge was not owned by Buchanan Marine on July 25, 2004.

4. All of the crew members of the *Dory Barker*, except the plaintiff, are residents of New York.

5. At the time of the alleged incident, the barge, *B 18,* and the tug *Dory Barker*, were in navigable waters of the State of New York.

6. Plaintiff, Patrick Longley, signed aboard the tug, *Dory Barker*, in Port Washington, New York a few days prior to July 25, 2004.

7. The Complaint was served on December 21, 2004 by personal delivery to Jules Lloyd, the Safety Director of Buchanan Marine, in Connecticut.

8. Service of process was not made on an officer, managing agent, general

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

agent or any other agent appointed by Buchanan Marine to accept service of process. Service of process was not made upon the president, treasurer, clerk, resident agent, cashier, secretary, business agent or member of the corporation.

9.   Buchanan Marine does not own or possess any real or personal property in the Commonwealth of Massachusetts.

## III.  LEGAL ARGUMENT

### A.  The Court Should Dismiss This Matter For Insufficient Service Of Process.

The plaintiff has not complied with Federal Rule of Civil Procedure 4 governing service of process.

Rule 4(h)(1) provides, in pertinent part, that, "Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership ... shall be effected ... in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process,". Rule 4(e)(1) states that service of process can be made pursuant to the law of the state in which the District Court is located or in which service is effected.

In the Commonwealth of Massachusetts, service of process is made on a foreign corporate entity by serving the Secretary of State in accordance with M.G.L.A. 181 § 15 or in the same manner as service on a domestic corporation through service of the, "president, treasurer, clerk, resident agent appointed pursuant to § 49 of Chapter 156d,

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found within the county, upon any member of the corporation." See M.G.L.A. c. 223 §§ 37 and 38.

The plaintiff has not made service upon any of the persons identified by Rule 4(h)(1). In addition, the plaintiff did not make service upon the Secretary of State for the Commonwealth of Massachusetts. Because Buchanan Marine does not transact business within the Commonwealth of Massachusetts, there is no agent for service of process appointed in that state. Service on an employee of the company - in this case the Safety Director - fails to comply with Massachusetts law because he is not one of the persons enumerated in Section 38 of Chapter 223 of the Massachusetts General Laws as to whom service of process would be effective.

Accordingly, the above-referenced action should be dismissed for insufficient service of process.

### B. The Court Should Dismiss This Matter For Lack Of Personal Jurisdiction Over The Defendant.

The plaintiff bears the burden of proof to establish the District Court's personal jurisdiction over the defendant. Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7,8 (1st Cir., 1986); Boit v. Guar-Tech Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). In order to determine if Buchanan Marine is amenable to suit in Massachusetts, it is necessary to perform a two-step analysis of the claim – first, an examination of the long arm statute authorizing suit in Massachusetts, "to determine whether it provides for the exercise of jurisdiction under the particular facts of the case,"; and, second, an

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

examination of the principles of due process to determine whether the assertion of jurisdiction "meets the requirements of due process." See Smith v. Marine Transport Lines, Inc., 1988 WL 92467 (D. Mass), citing 2 Moore's Federal Practice ¶ 4.41-1{4} (1988).

In this matter, the Court has no personal jurisdiction over the defendant pursuant to the Massachusetts' "Long Arm Statute", M.G.L.A. Ch. 223a § 3. The long arm statute provides, in relevant part, that:

> "a Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the persons, (a) transacting any business in this Commonwealth; (b) contracting to supply services or things in this Commonwealth; (c) causing tortious injury by an act or omission in this Commonwealth; (d) causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth; (e) having an interest and using or possessing real property in this Commonwealth; (f) contracting to insure any person, property or risk located within this Commonwealth at the time of contracting; (g) maintaining a domicile in this Commonwealth while a party to a personal or marital relationship; (h) having been subject to the exercise of personal jurisdiction of a court of the Commonwealth which has resulted in an order of alimony."

See M.G.L.A. Ch. 223a § 3.

There are no facts alleged in the Complaint which would permit the District Court to exercise personal jurisdiction over the defendant, Buchanan Marine, in Massachusetts. The plaintiff's Complaint does not even allege that the District Court has personal jurisdiction over the defendant. Although the plaintiff makes a conclusory allegation that defendant was doing business in the Commonwealth, there are no facts

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

alleged in the Complaint to support such an assertion. Notably, the plaintiff has alleged that the subject incident occurred in "navigable waters", but has deliberately failed to recite the fact that this incident occurred in the navigable waters of the State of New York – not Massachusetts.

As set forth in the Affidavit of Mr. Lloyd, Buchanan Marine did not transact, solicit or engage in any business within the Commonwealth of Massachusetts on or about July 25, 2004. It did not have a place of business or own any property in Massachusetts. The alleged incident occurred in the navigable waters of the State of New York. The plaintiff signed aboard the tug, *Dory Barker*, in Port Washington, New York. The defendant was not transporting any goods in the Commonwealth of Massachusetts. Buchanan Marine is a Delaware limited partnership which conducts its business in the State of New York with an office in Connecticut. Although the plaintiff is a Massachusetts resident, it is significant that he signed aboard in New York, the event giving rise to this claim occurred in the navigable waters of New York and he did not perform any services on behalf of Buchanan Marine in Massachusetts.

This case is similar to the case of <u>Smith v. Marine Transport Lines, Inc.</u>, 1988 WL 92467 (D.Mass.) in which the District Court granted a motion to dismiss for lack of personal jurisdiction. The plaintiff in <u>Smith</u> was a Massachusetts resident and a seaman aboard a vessel owned, operated and controlled by a Delaware corporation. The plaintiff, who signed an employment contract in Massachusetts, boarded the vessel in Toledo, Ohio for a voyage bound for West Germany. The District Court found that it lacked personal jurisdiction over the defendant because the defendant did not transact

-6-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

business within the meaning of the Massachusetts long arm statute even though the Court concluded that the plaintiff and defendant had entered into an employment contract in Massachusetts. Id.; see also Albion v. YMCA Camp Letts, 171 F.3d 1 (1st Cir. 1999) (District Court in Massachusetts lacks personal jurisdiction over Jones Act tort claim brought by Massachusetts resident who was working as a sailing instructor at a Maryland camp for an injury that occurred in navigable waters in Maryland); Davis v. P.M. Video, Inc., 532 F.Supp. 1012 (D.Mass. 1982) (held that the fact that plaintiff was hired in Massachusetts to perform duties on behalf of Rhode Island corporation outside of Massachusetts was insufficient to find personal jurisdiction over Rhode Island corporation under the Massachusetts long-arm statute). The rationale set forth in the Smith, Albion and Davis decisions supports defendant's argument that personal jurisdiction in the District of Massachusetts is lacking under the Massachusett's long arm statute.

In addition to the lack of personal jurisdiction under state law, subjecting the defendant to suit in the Commonwealth of Massachusetts would not comport with the Due Process Clause of the United States Constitution.

> "This First Circuit has explained that compliance with the federal constitutional standard involves a somewhat more extensive showing than the long-arm statute. 'That showing has three aspects: First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.'"

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Barrett v. Lombardi, 239 F.3d 23, 26 (1st Cir.2001) (*citing* United Electrical, Radio & Machine Workers of America, 960 F.2d at 1089).

Under a constitutional analysis, to subject individuals or corporations to personal jurisdiction, there must exist "certain minimum contacts" such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Glater v. Eli-Lilly & Co., 744 F.2d 213, 215 (1st Cir. 1984) (citing Miliken v. Myer, 311 U.S. 457, 61 S. Ct. 339). "A consideration of fundamental importance is whether the cause of action arises out of or is related to the defendants' contacts with the forum state." Id. If the cause of action is unrelated to activities in the forum state, the issue for the Court becomes one of "general" rather than "specific jurisdiction." Id. at 216 (*citing* Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, n. 8, 104 S. Ct. 1868 (1984)). The standard for general jurisdiction is "considerably more stringent." Id. In general jurisdiction cases, for a corporate defendant, jurisdiction may be found only if the defendant engages in "continuous and systematic" pursuit of general business activities in the forum state. Id. at 216.

Under the doctrine of specific jurisdiction, "[a] court may still hear a particular case if that case relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum." Philips Exeter Academy v. Howard Phillips Fund, 196 F.3d 284 (1st Cir. 1999) (citing Helicopteros, 466 U.S. at 414). To establish specific jurisdiction, the plaintiff must satisfy three elements. Id. First, the plaintiff must show that the litigation directly relates to or arises out of the defendants' contact with the forum. Id. Plaintiff must also prove whether those contacts constitute purposeful

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

availment of the benefits and protections afforded by the forum's laws. Id. If the first two prongs are satisfied, the plaintiffs must also demonstrate the overall reasonableness of an exercise of jurisdiction in light of a variety of pertinent factors touching upon fundamental fairness. Id. There must be an affirmative finding on each of the three elements. Id.

In this case, the plaintiff cannot satisfy any elements to establish general or specific jurisdiction over the defendants. As fully set forth above, Buchanan Marine is a Delaware limited partnership with an office in Connecticut which transacts business in New York. Buchanan Marine does not transact business or operate in Massachusetts. Accordingly, there can be no general jurisdiction. With respect to specific jurisdiction, the event giving rise to this action occurred in the navigable waters of New York and the plaintiff boarded the vessel in New York. Buchanan Marine did not purposefully avail itself of the protections or benefits of Massachusetts law and it would be unfair to impose jurisdiction on them under the circumstances of this case. There are simply no contacts with Massachusetts which would support an exercise of general or specific jurisdiction under the United States Constitution.

Accordingly, the Court should dismiss this matter for lack of personal jurisdiction

### C.     The Court Should Dismiss This Matter Based Upon Improper Venue.

The plaintiff's Complaint contains no allegations alleging or establishing that venue is appropriate in the United States District Court in Massachusetts.

First, Buchanan Marine does not have a place of business or corporate residence in Massachusetts such that venue under the Jones Act is not appropriate in

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the District of Massachusetts. The Jones Act provides that, "[J]urisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." See 46 U.S.C. § 688a. Based upon this provision, the defendant contends that because it does not maintain a corporate residence in Massachusetts and it has no office, let alone a principal office, in Massachusetts, venue with respect to plaintiff's Jones Act claims would be improper in the District of Massachusetts.

Secondly, the federal question venue provision, 28 U.S.C. Section 1391(b), would not provide for venue in Massachusetts. Section 1391(b) provides for venue in a judicial district where the defendant resides or where, "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,". As noted above, the defendant cannot be considered as residing in this district because it does not transact business in Massachusetts. Furthermore, no part of the event giving rise to this action – and certainly not a "substantial" part – occurred in Massachusetts and the vessels involved in the event are located in New York.

Third, general venue considerations weigh heavily in favor of litigating this matter in an alternative forum (e.g., New York or Connecticut) in light of the fact that the incident occurred in the navigable waters of New York, the vessels involved are located in New York, it would be impossible to subpoena New York witnesses to Boston, Massachusetts and the documents concerning the plaintiff's employment and the maintenance of the vessels are located in Connecticut and New York.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The decision to dismiss a case or transfer venue is in the trial judge's discretion. See Coady v. Ashcraft and Gerel, 223 F.3d 1, 11 (1st Cir.2000). "[T]he defendant must bear the burden of proving both the availability of an adequate alternative forum and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 719 (1st Cir.1996). When an alternative forum exists, the district court should then determine whether transfer to another venue is more convenient and avoids serious unfairness. Mercier v. Sheraton International, Inc., 981 F.2d 1345, 1354 (1st Cir. 1992).

Section 1404(a) of Title 28 states: "For the convenience of the parties and witnesses, in the interest justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 108 S.Ct. 2239, 2244 (1988) (quoting VanDusen v. Barrack, 84 S.Ct. 805, 812 (1964)). The court must weigh the relative convenience of the chosen forum for each of the parties and take into consideration access of the parties to sources of proof, the availability of compulsory process for attendance of witnesses and other practical problems that might impede an expeditious and inexpensive disposition of the matter. Gulf Oil Corp. v. Gilbert, 67 S.Ct. 839, 843 (1947). In weighing these factors, the court must also consider that the plaintiff's choice of forum is of "paramount consideration" and "should not be lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.1970), *cert. denied,*

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

401 U.S. 910 (1971). However, plaintiff's choice of forum is deserving of less weight where none of the operative facts of the action occurred in the forum selected by the plaintiff and should only be given equal consideration with the other factors set forth in § 1404. Brant Point Corporation v. Poetzsch, 671 F.Supp. 2, 5 (D.Mass. 1987) Liberty Mutual Insurance Co. v. Gardere & Wynne, 1994 WL 707133 (D.Mass); Culbertson v. Ford Motor Co., Inc., 531 F.Supp. 406, 407 (E.D.Pa.1982).

The entire crew of the *Dory Barker*, except the plaintiff, are residents of the State of New York. In addition, in light of the fact that the plaintiff's Jones Act and maritime claims center on the question of the "seaworthiness" of the subject vessels, a visit to the vessel, or at the very least, discovery concerning the condition of the vessel, will be necessary – weighing further in favor of dismissing or transferring the case so it can be adjudicated in a more convenient and fair forum. Certainly, the testimony of the crew members concerning what happened at the time of the accident and the condition of the *Dory Barker* at the time of the accident will be required. All records concerning maintenance and care of the subject vessel will be located in Connecticut and New York – none of these records are located in Massachusetts. Although the plaintiff's treating physician may reside in Massachusetts, the plaintiff could arrange for the physician to testify in another District Court – whereas the defendant would be unable to summon out of state witnesses to a trial in Massachusetts. There is no question that an adequate alternative forum exists because the plaintiff could refile in a federal court in New York or Connecticut; or the matter could be transferred to one of these jurisdictions, pursuant to 28 U.S.C. § 1404.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In summary, because this incident occurred in the navigable waters of New York, the vessels are located in New York and the liability phase of the trial would involve the testimony of witnesses who have no connection to the Commonwealth of Massachusetts and involve a corporate defendant which does not do business in Massachusetts, venue in Massachusetts would is not appropriate. Accordingly, the matter should be dismissed for lack of venue.

### IV.  CONCLUSION:

For the foregoing reasons, the District Court should dismiss the plaintiff's Complaint for insufficient service of process, lack of personal jurisdiction, and *forum non conveniens*.

RESPECTFULLY SUBMITTED FOR THE
DEFENDANT, BUCHANAN MARINE LP,
BY ITS ATTORNEY

By_____
Kevin M. Roche, BBO 551190
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Email: roche@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 7th day of January, 2005, I hereby mailed a copy of the foregoing to:

Carolyn M. Latti, Esquire
David F. Anderson, Esquire
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109

_____
Kevin M. Roche

633026_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK LONGLEY,<br>Plaintiff | CIVIL ACTION NO.<br>04-12548 (MLW) |
| V. | |
| BUCHANAN MARINE LP,<br>Defendant | JANUARY 7, 2005 |

## AFFIDAVIT OF JULES B. LLOYD

I, JULES B. LLOYD, being duly sworn, hereby depose and say:

1. I am over the age of 18 and believe in the obligations of an oath.

2. I am currently and at all relevant times have been the Safety Director of defendant, Buchanan Marine, LP, and as such I have personal knowledge of the facts stated herein and I am familiar with the subject transaction and the disclosures which were given to the plaintiffs.

3. Buchanan Marine LP is a limited partnership organized under the laws of the State of Delaware. The corporate office is located in New Haven, Connecticut and its principal place of business is in New York.

4. Buchanan Marine did not transact, solicit or engage in any business within the Commonwealth of Massachusetts in 2004, including on the date of the alleged incident, July 25, 2004.

5. The tug, *Dory Barker*, was not owned by Buchanan Marine on July 25, 2004. The *B 18* barge was not owned by Buchanan Marine on July 25, 2004.

6. All of the crew members of the *Dory Barker*, except the plaintiff, are residents of New York.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

7. At the time of the alleged incident, the barge, *B 18*, and the tug *Dory Barker*, were in navigable waters of the State of New York.

8. Plaintiff, Patrick Longley, signed aboard the tug, *Dory Barker*, in Port Washington, New York a few days prior to July 25, 2004.

9. The Complaint was served on December 21, 2004 by personal delivery to Jules Lloyd, the Safety Director of Buchanan Marine, in Connecticut.

10. Service of process was not made on an officer, managing agent, general agent or any other agent appointed by Buchanan Marine to accept service of process. Service of process was not made upon the president, treasurer, clerk, resident agent, cashier, secretary, business agent or member of the corporation.

11. Buchanan Marine does not own or possess any real or personal property in the Commonwealth of Massachusetts.

Jules B. Lloyd
Buchanan Marine LP

STATE OF CONNECTICUT    )
                        ) ss.
COUNTY OF NEW HAVEN     )

Subscribed and sworn to before me this 7th day of January 2005.

Kevin J. Greene
Commissioner of the Superior Court

633265_1.DOC

- 2 -

One Goodwin Square          HALLORAN          Phone (860) 522-6103
225 Asylum Street           & SAGE LLP        Fax (860) 548-0006
Hartford, CT 06103                            Juris No. 26105