UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICK LONGLEY,<br>    Plaintiff<br><br>V.<br><br>BUCHANAN MARINE LP,<br>    Defendant | Civil Action<br><br>No. 04-12548-MLW |

BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

I.    FACTS

This is a personal injury case under the Jones Act. On July 25, 2004, the Plaintiff, a resident of Massachusetts, was injured in the course of his employment by the Defendant as a member of the crew of the Tug Dory Barker. Exhibit A, Affidavit of Plaintiff, ¶¶1,2. The Plaintiff was hired by Buchanan Marine LP in October, 2003 as a permanent employee. Exhibit A, ¶3. He was hired during the course of a telephone call between him and a Bob Habb from Buchanan Marine LP. Mr. Habb had telephoned the Plaintiff at his home in Swansea, MA, to offer him the position of deckhand on the Dory Barker, and the Plaintiff accepted this offer during the course of the call. Exhibit A, ¶3. The Plaintiff had no written employment contract with Buchanan Marine. He had only an oral agreement, which he had entered into with Mr. Habb during said telephone call. Id.

Mr. Habb and other personnel from the Buchanan Marine LP office would periodically call the Plaintiff at his home in Swansea for various reasons after October, 2003. Exhibit A, ¶6. He received calls at home from the Buchanan Marine LP office approximately once per month. Buchanan Marine employees would call for reasons such as finding out when he could work or if

he wanted to work overtime.  Id.  Buchanan Marine LP frequently sent the Plaintiff mail at his home address in Swansea.  The mail consisted of documents like correspondence, paycheck stubs, information regarding the Plaintiff's benefit package, or tax forms.  Exhibit A, ¶7.

The Plaintiff sailed 2 trips on another vessel operated by the Defendant, the Mister T. Exhibit A, ¶4.  The captain of the Mister T. at the time was named Chris.  Chris had told the Plaintiff that he was also from Massachusetts.  Exhibit A, ¶8.  Chris had also told the Plaintiff that a deckhand on a different Buchanan Marine tug was from Seekonk, MA, and that they would carpool together.  Id.

On December 2, 2004, the Plaintiff filed a Complaint against the Defendant for personal injury under the Jones Act and the general maritime law for unseaworthiness, for failure to pay maintenance and cure, and for the intentional and/or negligent for failure to provide maintenance and cure.  The Defendant has now moved to dismiss on the grounds that service of process was insufficient, that this Court lacks personal jurisdiction on the Defendant, and that venue is inappropriate.  The only evidence bearing on this motion is two affidavits, one from the Defendant's Safety Director, Jules Lloyd, and the other from the Plaintiff.

II.     THE SERVICE OF PROCESS WAS SUFFICIENT.

The Defendant contends that the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) for insufficient service of process.  The Plaintiff served Mr. Lloyd.  Exhibit B, Process Server's Affidavit of Service.  The Defendant claims that the Complaint should be dismissed because Mr. Lloyd was not within the class of persons identified by Fed.R.Civ.P. 4(e)(1) or 4(h)(1).  Because Rule 4(e)(1) permits service to be made according to the law of the district, the Defendant further contends that Mr. Lloyd was not within the class of persons identified by

M.G.L. c. 223, §38, which governs service on foreign corporations.

Rule 4(h)(1) requires that service be made on "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  M.G.L. c. 223, §38 refers to M.G.L. c. 223, §37, which requires service to be made "upon the president, treasurer, clerk, resident agent appointed pursuant to section 49 of chapter 156D, cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found within the county, upon any member of the corporation."  However, courts will apply the rule so as to do substantial justice when at all possible.

> Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process.  The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice.  Thus, the service can be made "upon a representative so integrated with the organization that he will know what to do with the papers.  Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977); Insurance Co. of N. Am. v. S/S "Hellenic Challenger", 88 F.R.D. 545, 547 (S.D.N.Y. 1980).  Generally, "the determination of whether a given individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization." 2 Moore's Federal Practice, §4.22[2], at 4-205 (2d ed. 1987).

Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (service upon receptionist held to be valid); see also Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1447 (9th Cir. 1990) (service upon employee relations managers held to be valid); Union Asbestos & Rubber Co. v. Evans Products Co., 328 F.2d 949, 952-953 (7th Cir. 1964) (service upon secretary held to be valid).  Additionally, it should be noted that "actual receipt of process by the correct person may be a factor in finding process valid. . . ." Direct

Mail Specialists, supra; Top Form Mills, supra.

In this case, the process server served the Defendant's Safety Director, Mr. Lloyd, who advised the process server that he was authorized by the Defendant to receive process. Exhibit B. Further, Mr. Lloyd did obviously forward the Complaint and Summons to the proper person within the Defendant's organization in a timely manner, as the Defendant has timely responded to the service by filing its motion to dismiss. For these reasons, the Court should find that proper service was made.

However, even if the Court should find that service of process was insufficient, the case should not be dismissed. "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3rd Cir. 1992) ("the district court should, at most, quash service, leaving the plaintiffs free to effect proper service"): see also 2 Moore's Federal Practice §12.33(5) (Matthew Bender 3d ed.) (any dismissal under Rule 12(b)(5) must be without prejudice). In this case, the Plaintiff could certainly reserve the Defendant through its registered agent, the Corporation Trust Company, so dismissal is inappropriate, but, "to quash service and require re-service under [the circumstances of this case] would only be a waste of time and money." Wilen I.Y.M. L.C. v. Colter & Peterson, Inc., 1998 U.S. Dist. LEXIS 20927, at 6, 41 Fed.R.Serv.3d (Callaghan) 1629 (D.N.J. 1998). For all of these reasons, the Defendant's motion to dismiss for insufficiency of service of process should be denied.

III.    THIS COURT HAS PERSONAL JURISDICTION OVER THE DEFENDANT.

The Defendant next contends that the Complaint should be dismissed for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). In considering a motion to dismiss for lack of

personal jurisdiction, it is well settled that the Plaintiff need only present a prima facie showing to defeat the motion. A district court will "consider only whether the plaintiff has evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002); Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). The Court "must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing." Daynard, supra (citation omitted). If the parties' affidavits conflict, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." Behagen v. Amateur Basketball Ass'n of U.S.A., 744 F.2d 731, 733 (10th Cir. 1984), cert. den., 471 U.S. 1010, 105 S.Ct. 1879 (1985).

The question of personal jurisdiction is a question of due process. Pike v. Clinton Fishpacking, Inc., 143 F.Supp.2d 162, 166 (D. Mass. 2001). "In the absence of general jurisdiction, a court's power depends upon the existence of specific jurisdiction. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." Massachusetts School of Law v. ABA, 142 F.3d 26, 34 (1st Cir. 1998). "The proper exercise of specific in personam jurisdiction hinges on satisfaction of two requirements: first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994).

The First Circuit has held that a district court "may sidestep the statutory inquiry [into the authority of the Massachusetts long arm statute, M.G.L. c. 223A, §3] and proceed directly to the constitutional analysis … because the Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute 'as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.'" Daynard, supra at 52 (citations omitted). As recently explained by Judge Lindsay, the constitutional analysis is a 3 step inquiry in this Circuit.

> First the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contracts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Pike v. Clinton Fishpacking, Inc., 143 F.Supp.2d 162, 168 (D. Mass. 2001). Pike involved facts and circumstances very similar to those in this case, and should be followed in this case.

In Pike, the plaintiff, a Massachusetts resident, was hurt on a Washington based fishing vessel. Id. at 164. Judge Lindsay held that jurisdiction in Massachusetts was constitutional based on the facts in Pike. Pike had learned about the position on the Defendant's vessel through a Massachusetts resident who worked on the docks. This person gave Pike the owner's number, and Pike then called the owner. Id. at 165. The dockworker also faxed a recommendation on behalf of Pike. Id. Pike was then hired the next day by the captain of the vessel. Id. Based on the oral agreement, Pike flew out to Alaska to meet the vessel, and was later injured in Alaskan waters on the vessel. Id. at 164.

In the first part of the analysis, the relatedness test, Judge Lindsay held that the hiring of Pike in Massachusetts constituted transacting business under the long arm statute and that Pike's

injuries on the vessel arose out of the hiring of Pike in Massachusetts. Id. at 167. Judge Lindsay held that the exercise of jurisdiction comports with the Constitution, specifically holding that the recruiting of Pike from Massachusetts was "enough to make the harm allegedly suffered here foreseeable." Id. at 169 ("Given the well-known risks of the fishing industry, it cannot be gainsaid that it is foreseeable that a fisherman recruited in Massachusetts [to work in Alaska] might be injured aboard a vessel off the coast of Alaska.").

The second part of the test is the purposeful availment requirement, which "ensures that jurisdiction is not premised on 'random, isolated, or fortuitous' contacts with the forum state." Id. at 170 (citations omitted). "This means that the defendants' contacts with the forum must be voluntary and such that the defendants should reasonably anticipate being haled into court in Massachusetts." Id.

The final part of the test is application of the gestalt factors, which are as follows:

> (1) the defendants' burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

Id., citing Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 717 (1st Cir. 1996) ("The purpose of the gestalt factors is to aid the court in achieving substantial justice, particularly where the minimum contacts question is very close.").

This case presents almost the same set of facts as Pike, and this Court should find that there is jurisdiction over the Defendant for the reasons set forth by Judge Lindsay in Pike. In this case, the Defendant entered into an oral employment contract with the Plaintiff when its agent, Mr. Habb, called the Plaintiff at his home in Massachusetts. Exhibit A. The offer of

employment and acceptance occurred during the phone call placed by Mr. Habb into Massachusetts. The Defendant's actions thus allow all 3 aspects of the jurisdiction test to be met.

As in Pike, the relatedness test was met because it was foreseeable that a seaman hired in Massachusetts to work in another state "might be injured aboard" his vessel out of state. Pike, supra at 169. The purposeful availment test was also met. As in Pike, the Defendant's "contacts with Massachusetts were deliberate and not random." Id. at 170. The Defendant has, including the Plaintiff, at least 3 current employees from Massachusetts. Exhibit A, ¶8. These contacts were designed "to bring Massachusetts residents to [New York and Connecticut]" and "rendered foreseeable the possibility of being haled into a Massachusetts court." Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 n. 18, 105 S.Ct. 2174, 2184 n. 18 (1985) ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction."); Massachusetts School of Law v. ABA, supra at 36 ("The transmission of facts or information into Massachusetts via telephone or mail would of course constitute evidence of a jurisdictional contact directed into the forum state."), citing Rudzewicz, supra at 476, 105 S.Ct. at 2184; Merrill v. Zapata Gulf Marine Corp., 667 F.Supp. 37, 40 (D. Me. 1987) (personal jurisdiction was proper over non resident employer where plaintiff initiated initial contact with employer and negotiations conducted in Maine over the phone since the employer availed itself of the advantage of employing a skilled work force in Maine); Cole v. Mileti, 133 F.3d 433, 436 (6th Cir. 1998) (jurisdiction found where nonresident transacted business "by negotiating and executing a contract via telephone calls and letters to an Ohio resident").

Finally, the Gestalt factors are also met. With respect to the first factor, while, as Judge Lindsay noted in Pike:

> it would be undoubtedly burdensome for [the Defendant] to defend itself in Massachusetts, . . . it is almost inconvenient and costly for a party to litigate in a foreign jurisdiction. Therefore, the defendant must demonstrate that "exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way."

Pike, supra. With respect to the second factor, "it is clear that Massachusetts has a significant interest in ensuring its residents are not injured by negligence." Id. With respect to the third factor, "the plaintiff's interest in obtaining convenient and effective relief is clearly served in Massachusetts." Id. With respect to the fourth factor, the Plaintiff and all of his health care providers except for the providers at his initial emergency room visit all reside in Massachusetts. Exhibit A, ¶3. Accordingly, approximately half of all of the witnesses who might be expected to be called at trial are Massachusetts residents. Massachusetts can thus provide effective resolution of this matter. The fifth factor is not implicated in this litigation. Id. While it may be true that the other crew members on the Plaintiff's vessel do not reside within the Commonwealth, the Defendant has made no showing that the exercise of jurisdiction is "onerous in a special, unusual, or other constitutionally significant way." Nowak, supra at 718. Accordingly, the Court should find that the Gestalt factors support jurisdiction in Massachusetts.

The Defendant relies on Smith v. Marine Transport Lines, Inc., 1988 WL 92467, 1988 U.S. Dist. LEXIS 9740 (D. Mass. 1988) and Davis v. P.M. Video, Inc., 532 F. Supp. 1012 (D. Mass. 1982) to support its argument that it is not subject to jurisdiction in Massachusetts. It should be noted that Smith, a 1988 case, has never been cited by another case, and that Davis, a 1982 case, was only cited once by a court in this Circuit, which cite was by Smith. Accordingly, and especially light of the recent, comprehensive and very analogous decision by Judge Lindsay in Pike, Smith and Davis should not be followed by this Court.

Based on the foregoing, the exercise of personal jurisdiction over the Defendant comports with the Massachusetts long arm statute, and the exercise of the jurisdiction does not offend the Constitution.  The Defendant's motion to dismiss for lack of personal jurisdiction should be denied.

IV.     <u>VENUE IS PROPER IN THIS COURT.</u>

The Defendant lastly contends that the Complaint should be dismissed for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).  Venue is governed by 28 U.S.C. §1391, which states in relevant part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

The venue statute thus turns the venue test for a corporation into the same test as the personal jurisdiction test.  Accordingly, for the reasons set forth above, venue is proper in Massachusetts.  The Defendant also cited the Jones Act venue statute, 46 U.S.C. App. §688a, in support of its argument, but that statute is of no help to the Defendant.  It states: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."  However, the Supreme Court has ruled that section 1391(c) applies to Jones Act cases for the purposes of determining venue in such cases.  17 <u>Moore's Federal Practice 3d</u>, §110.46, <u>citing</u> <u>Pure Oil Co. v. Suarez</u>, 384 U.S. 202, 205, 207, 86

S.Ct. 1394 (1966). Accordingly, the Jones Act venue statute will not support dismissal of this case on the grounds of improper venue.

The Defendant then referenced the transfer statute, 28 U.S.C. §1404(a), but it is unclear whether it has actually sought transfer. Further, the Defendant has not indicated where it would like this case transferred. In any event, it is clear that the Court may transfer the case to any other district in which the case may have been brought even if the Defendant seeks dismissal only. 2 Moore's Federal Practice 3d, §12.32(6), citing Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 n. 3 (2nd Cir. 1966). While the Plaintiff believes that this case should stay in Massachusetts, if this Court finds otherwise, the Plaintiff requests that the case be transferred to the United States District Court for the Southern District of New York since, as the Defendant noted, the other crew members of the Plaintiff's vessel are residents of New York.

V.  THE PLAINTIFF SHOULD BE ALLOWED TO CONDUCT DISCOVERY ON THE MATTER.

If this Court determines that, based on the Complaint and the affidavits, there is no personal jurisdiction over the Defendant, then the Plaintiff requests that this Court deny the motion without prejudice and allow the Plaintiff to conduct limited discovery on the issue of jurisdiction. Jet Wine & Spirits, Inc. v. Bacardi & Co., Ltd., 298 F.3d 1, 6 (1st Cir. 2002); Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); Ten Mile Indus. Park v. Western Plains Service Corp., 810 F.2d 1518, 1525 (10th Cir. 1987). The Plaintiff is entitled through depositions, interrogatories, and requests for production of documents to analyze records and invoices to determine the actual contacts that the Defendant has with Massachusetts.

                Respectfully submitted for the
                the Plaintiff, Patrick Longley,
                by his attorney,


                /s/ David J. Berg, Esq.
                Carolyn M. Latti, BBO 567394
                David F. Anderson, BBO 560994
                David J. Berg, BBO 558624
                Latti & Anderson LLP
                30-31 Union Wharf
                Boston, MA 02109
                (617) 523-1000

## CERTIFICATE OF SERVICE

     I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.


                Respectfully submitted for the
                the Plaintiff, Patrick Longley,
                by his attorney,


                /s/ David J. Berg, Esq.
                David J. Berg, Esq.
                Latti & Anderson LLP
                30-31 Union Wharf
                Boston, MA 02109
                617-523-1000

Dated: January 24, 2005

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK LONGLEY,<br>    Plaintiff<br><br>V.<br><br>BUCHANAN MARINE LP,<br>    Defendant | Civil Action<br><br>No. 04-12548-MLW |

### AFFIDAVIT OF PATRICK LONGLEY

1.  I am Patrick Longley, and I am the Plaintiff in this case. I am a resident of Swansea, MA.

2.  I was injured on July 25, 2004 during the course of my employment by Buchanan Marine LP as a member of the crew of the Tug Dory Barker. While performing my duties for the Dory Barker in Stamford, CT, I broke my right foot. I received my initial medical treatment at Buchanan Marine's insistence at an emergency room in New York, and then returned home, receiving all of my subsequent medical treatment from health care providers in Massachusetts.

3.  I was hired by Buchanan Marine LP in October, 2003 as a permanent employee. My hiring took place during a telephone call between me and a Bob Habb from Buchanan Marine LP. Mr. Habb telephoned me at my home in Swansea to offer me the position of deckhand on the Dory Barker, and I accepted his offer during the course of this telephone call. I had no written employment contract with Buchanan Marine. I had an oral agreement only, which I entered into with Mr. Habb when he called me in October, 2003.

4.  I was a regular deckhand on the Dory Barker from October, 2003 until the date of my injury, July 25, 2004, with the exception of 2 trips that I made on the Mister T, which is a tugboat also operated by Buchanan Marine LP.

5.      I worked on the Dory Barker on a rotation of one week on, one week off. I did not have to sign on my vessel each week as I was a permanent employee of Buchanan Marine. I simply showed up to join my vessel, and began my duties. Paragraph 8 of Mr. Lloyd's affidavit, stating that I "signed aboard the tug . . . a few days prior" to my injury, is incorrect. I did not sign aboard my vessel.

6.      Mr. Habb and other personnel from the Buchanan Marine LP office called me at my home in Swansea for various reasons after October, 2003. I would receive a call at home from the Buchanan Marine LP office approximately once per month. Buchanan Marine employees would call me for reasons such as finding out when I could work or if I wanted to work overtime. If they wanted me to come in early, it would be Mr. Habb or someone from the Buchanan Marine dispatch office. If they wanted me to work overtime, it would always be Mr. Habb.

7.      Buchanan Marine LP frequently sent me mail at my home address in Swansea. Buchanan Marine LP sent me things like correspondence, paycheck stubs, information regarding my benefit package or changes in my benefit package, tax forms, or notification of who to call in case of problems on my vessel.

8.      When I sailed on the Mister T, I learned that the captain, who was named Chris, was from Massachusetts. Chris had told me that he was from Cape Cod. I am also aware that a deckhand on a different Buchanan Marine tug was from Seekonk, MA. I do not remember his name or which tug he worked on. Chris had told me that this deckhand was from Seekonk, and that they would carpool together. This fact arose while Chris and I were talking about how we all got to our vessels to begin our trips.

SUBSCRIBED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY

1-20-05
Date

*Patrick M. Longley*
Patrick Longley

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PATRICK LONGLEY** Plaintiff(s), Petitioner(s) | **CLIENT:** Carolyn M. Latti, Esquire |
| against | **INDEX NO.:** 04 12548 MLW |
| | **DATE OF FILING:** 12/6/2004 |
| **BUCHANAN MARINE, LP** Defendant(s), Respondent(s) | **AFFIDAVIT OF SERVICE** |

STATE OF CONNECTICUT: COUNTY OF HARTFORD

I, Daniel Russbach being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in Woodbridge, CT.

Furthermore, that on **December 21, 2004 at 2:50 PM at 39 Ferry Street, New Haven, CT 06513**, deponent served the **Summons In A Civil Action; Complaint With Jury Trial Demand** upon **Buchanan Marine, LP**, (Defendant/Respondent) herein known as Recipient.

Said service was effected in the following manner:

By delivering to and leaving a true copy of each **Summons In A Civil Action; Complaint With Jury Trial Demand** with **James B. Lloyd** a person who is known to be the **Safety Director** of said corporation and/or company, and who is authorized by said corporation and/or company to receive said **Summons In A Civil Action; Complaint With Jury Trial Demand**.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

x: **Male** Skin: **White** Hair: **White** Age(Approx): **61-65** Height(Approx): **5'9" - 6'** Weight(Approx): **161-200 lbs**

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_Daniel Russbach_
Daniel Russbach, Private Process Server

Sworn to before me on December 21, 2004

Notary Public
My Commission Expires: 08/31/2009