UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK LONGLEY, : | CIVIL ACTION NO. |
| Plaintiff : | 04-12548 (MLW) |
| V. : | |
| BUCHANAN MARINE LP, : | |
| Defendant : | FEBRUARY 4, 2005 |

## DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

The defendant, Buchanan Marine, LP, submits this Reply to the plaintiff's Opposition, dated January 24, 2005, to defendant's Motion to Dismiss.

I.  Service of Process

On page 4 of plaintiff's Memorandum, he admits that he did not serve process upon the defendant's registered agent. In addition, plaintiff fails to provide any factual basis supporting his assertion that he served an individual who is authorized to accept service of process. Plaintiff's contention on page 4 that Mr. Lloyd "advised the process server that he was authorized by the defendant to receive process," is not supported by the affidavit of service. A close reading of the affidavit of service, which incorrectly refers to Mr. Lloyd as "James", reveals that it merely states in conclusory fashion that he "is authorized" by the company to receive process, but does not state that Mr. Lloyd advised that he is authorized to accept service of process. In comparison, Mr. Lloyd's own affidavit clearly avers that he is not authorized to accept service of process. Despite plaintiff's conjecture about what he could do in the future to correct the service deficiencies, the bottom line is that plaintiff's unsupported and conclusory argument that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

it served a managing agent authorized to receive service fails to meet the requirements of Federal Rule 4 and applicable state law warranting dismissal of this action.

II.    Personal Jurisdiction

Defendant contends that the plaintiff's reliance upon holding in the case of Pike v. Clinton Fishpacking Inc., 143 F. Supp. 2d 162 (D. Mass. 2001) is misplaced because the facts of the case are distinguishable. Plaintiff's assertion that he was hired on a telephone call placed from New York to Massachusetts and the incidental and isolated communications between New York and Massachusetts is not the type of significant, deliberate and targeted employment recruiting contacts which supported jurisdiction in Pike. The Pike case is also distinguishable because in Pike the defendant used a Massachusetts company to recruit and locate fishermen in Massachusetts for the voyage in which the plaintiff was injured – whereas in this case, there was no such systematic and ongoing use of a so-called "headhunter" or recruiting agency employed to recruit Massachusetts seamen. In Pike, the District Court found that "a significant portion of the men on board the vessel at the time of the injury were from Massachusetts" in concluding that Massachusetts had jurisdiction. In this regard, the Court noted that fifty to ninety percent of defendant's crew hailed from Massachusetts. By comparison, the only person from Massachusetts on board the vessel at issue in this case was the plaintiff and the rest of the crew reside in New York. The Pike case is also distinguishable because the District Court premised jurisdiction not only on the fact that over half the crew were from Massachusetts, but also on the fact that the defendant-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

ship owner actually purchased gear and equipment for the vessel in Massachusetts -- there are no such contacts present in this case.

The reasoning of the Pike case, which stands for the proposition that only significant, deliberate and related contact with the forum state can support jurisdiction and "random" and "isolated" contacts will not suffice, actually supports defendant's argument. Plaintiff's vague and hearsay-based assertions that there were a few other people working on other vessels controlled by Buchanan Marine that may be from Massachusetts is not the type of systematic and deliberate recruiting efforts for which the District Court imposed jurisdiction in Pike. The Pike rationale is consistent with the authority in Smith v. Marine Transport Lines, Inc., 1988 WL 92467, 1988 U.S.Dist. LEXIS 9740 (D.Mass. 1988) and Davis v. PM Video Inc., 532 F. Supp. 1012 (D.Mass. 1982) which has been criticized by the plaintiff in his opposition memorandum. These cases stand for the proposition that minimal contacts between a Massachusetts plaintiff and an out of state defendant creating an employment relationship with the plaintiff are not sufficient to create jurisdiction in tort cases arising from an incident which occurs in another state. Notably, plaintiff fails to address the First Circuit's decision in Albion v. YMCA Camp Letts, 171 F.3d 1 (1st Cir. 1999), which affirmed a district court ruling that no personal jurisdiction exists and supports defendant's argument. These decisions and the controlling law from the First Circuit support the defendant's argument that personal jurisdiction does not exist under either a long-arm statute or constitutional analysis.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III. Venue

In response to the arguments on page 10 of plaintiff's opposition, defendant contends that because the entire crew except for the plaintiff resides in New York and the vessel is located in New York, venue considerations strongly weigh in favor of having this case decided in New York. Because the testimony of these New York witnesses is crucial to the seaworthiness defense, the venue issue has constitutional implications because it relates directly to whether defendant can properly exercise its right to defend the action in Massachusetts. Plaintiff does not dispute that he could have his medical witnesses present in New York or have their videotaped testimony presented at trial. However, it is a realistic possibility that some or all of the New York witnesses will not be in the control of the defendant at the time of trial such that they could not be subpoenaed to Massachusetts. Their live testimony in court would be crucial to allow the jury to properly evaluate their credibility and demeanor and judge their testimony in the context of testimony from the plaintiff and other witnesses. The plaintiff agrees on page 11 of its brief that the case could be transferred or commenced in the United States District Court for the Southern District of New York – an admission that an alternative venue is available. Accordingly, the action should be dismissed so suit can be initiated in New York or transferred to the Southern District of New York.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

IV.  Conclusion

For the foregoing reasons and for the reasons raised in the Motion to Dismiss, dated January 7, 2005, the defendant respectfully submits that its Motion to Dismiss should be granted.

RESPECTFULLY SUBMITTED FOR THE
DEFENDANT, BUCHANAN MARINE LP,
BY ITS ATTORNEY

By_____
Kevin M. Roche, BBO 551190
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Email: roche@halloran-sage.com

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 4th day of February, 2005, I hereby mailed a copy of the foregoing to:

Carolyn M. Latti, Esquire
David F. Anderson, Esquire
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109

_____
Kevin M. Roche

633026_1.DOC

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105